Raymond J. Seigler, Esq. (#006272007)
Chasan Lamparello Mallon & Cappuzzo, PC
300 Lighting Way, Suite 200
Secaucus, New Jersey 07094
(201) 348-6000
Attorneys for the County of Hudson, Esther Suarez, and the Hudson County
Prosecutor's Office

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM N. SPECHT,<br><br>Plaintiff,<br><br>v.<br><br>ESTHER SUAREZ, ANA PEREIRA, HUDSON COUNTY PROSECUTOR'S OFFICE, COUNTY OF HUDSON, NEW JERSEY, JOHN DOES 1-10, RICHARD DOE, INC. 1-10 (names being fictitious)<br><br>Defendants. | CIVIL ACTION NO.<br><br><br>**NOTICE OF REMOVAL**<br><br>28 U.S.C. § 1331, § 1441, and §1446 |

TO:                Mr. William T. Walsh
Clerk of the United State District Court
Martin Luther King, Jr. Federal Building and
United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

ON NOTICE TO:     Ronald J. Ricci, Esq.
Ricci, Fava, LLC
16 Furler Street, 2nd Floor
Totowa, New Jersey 07512

Daniel R. Bevere, Esq.
Piro Zinna Cifelli Paris & Genitempo, LLC
360 Passaic Avenue
Nutley, New Jersey 07110

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1331, § 1441, and §1446, the County of Hudson, Esther Suarez, and the Hudson County Prosecutor's Office (collectively "County Defendants") invoke this Court's jurisdiction and state the following grounds for removal:

1.      On September 29, 2021, an action was commenced against County Defendants in the Superior Court of New Jersey, Law Division, Hudson County, entitled, <u>Specht v. Esther Suarez, et al</u>, Docket No. HUD-L-3813-21. County Defendants accepted service of the Complaint on September 29, 2021. (A true copy of the Complaint is attached as **Exhibit A**).

2.      To the best of County Defendants' knowledge, there have been no further pleadings filed in this action.  County Defendants have not filed an answer or any other pleading responsive to the Summons and Complaint. Accordingly, this Notice of Removal is timely filed within 30 days after receipt by County Defendants of the initial pleadings in accordance with 28 <u>U.S.C.</u> § 1446(b).

3.      County Defendants have the consent of Co-Defendant Ana Pereira to remove this matter to federal court.  To the best of County Defendants' knowledge, the State of New Jersey has not yet been served with the Complaint or appeared in the action. Additionally, after consultation with counsel for Plaintiff, it was confirmed that the Superior Court of New Jersey added the State of New Jersey as a defendant in error. The State of New Jersey is not a defendant in this matter.

4.      The United States District Court has original jurisdiction over the above captioned civil action pursuant to 28 <u>U.S.C.</u> § 1331 because the Complaint alleges causes of action arising under federal law and/or the United States Constitution.  (<u>See</u>

**Exhibit A**, Third and Fourth Counts).

5.     County Defendants seek removal of this matter pursuant to 28 U.S.C. § 1441(a) and § 1446 based on the above.

6.     Under Local Civil Rule 40.1(a), this matter should be assignment to the Newark Vicinage for the convenience of the litigants, counsel, and witnesses.

7.     A Notice of Filing the Notice of Removal to the United States District Court for the District of New Jersey, along with a copy of the this Notice, will be filled with the Clerk of the Superior Court of New Jersey in Trenton and the Clerk of the Superior Court of New Jersey in Hudson County. (See Notice of Filing Notice of Removal attached as **Exhibit B**).  Additionally, copies of both Notices will be served upon Plaintiff's counsel.

**WHEREFORE**, County Defendants pray that this Complaint now pending against it before the Superior Court, Law Division, Hudson County, be removed to this Court and that this Court exercise its jurisdiction.

**CHASAN LAMPARELLO MALLON & CAPPUZZO, PC
Attorneys for Defendants the County of Hudson, Esther Suarez, and the Hudson County Prosecutor's Office**

By:_____
        RAYMOND J. SEIGLER, ESQ.

Dated: October 14, 2021

# EXHIBIT A

RICCI, FAVA, LLC
16 Furler Street, 2nd Floor
Totowa, NJ 07512
(973) 837-1900
Attorney for the Plaintiff
Ronald J. Ricci, Esq. ID#033531996

| | |
|---|---|
| **WILLIAM N. SPECHT,** | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: HUDSON COUNTY |
| **Plaintiff,** | |
| | Docket No: HUD-L- |
| **vs.** | |
| | CIVIL ACTION |
| **ESTHER SUAREZ, ANA PEREIRA, HUDSON COUNTY PROSECTUOR'S OFFICE, COUNTY OF HUDSON, NEW JERSEY, JOHN DOE 1-10, RICHARD ROE, INC. 1-10 (names being fictitious),** | **COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATION** |
| **Defendants.** | |

Plaintiff, WILLIAM N. SPECHT ("SPECHT") residing in the Township of West Milford, County of Passaic and State of New Jersey, by way of Complaint against the Defendants herein, says:

## PARTIES

1. Plaintiff Specht is a licensed attorney in the State of New Jersey and has been since 2002. He had been a Hudson County Assistant Prosecutor since August 6, 2007. He was fired from his position on September 24, 2021 at 4:00 p.m.

2. Esther Suarez is the Hudson County Prosecutor and has served in that role since July 2015.

3. Ana Pereira is a licensed attorney in the State of New Jersey and presently serves as the Director of Law and Business Operations for the Hudson County Prosecutor's

1

Office. Upon information and belief, Ms. Pereira has served in that role since the year of 2015.

4.   Hudson County Prosecutor's Office is the chief law enforcement agency in the County of Hudson, New Jersey. The office further supports the Chiefs of Police and Municipal Prosecutors through Hudson County. The office is located at 595 Newark Avenue, Jersey City, NJ 07306.

5.   County of Hudson is run by a board of chosen freeholders with offices located at 257 Cornelison Avenue, Jersey City, NJ 07302.

6.   John Doe 1-10 and Richard Roe 1-10 are fictitious names of individuals and/or entities presently unknown to the Plaintiff that committed wrongdoing against the Plaintiff and/or aided abetted and conspired with Co-Defendants to commit wrongdoing against the Plaintiff.

## VENUE

7.   This lawsuit has been filed in Hudson County, New Jersey because Rule 4:3-2 requires that lawsuits filed against counties be filed in the county in which the cause of action arose. In this case, the wrongful acts occurred in Jersey City, New Jersey. However, since the Defendants are the chief law enforcement actors in Hudson County, the Plaintiff believes that a conflict exists and the matter should be transferred to another vicinage in the New Jersey Superior Court.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

8.  On March 12, 2021, Plaintiff Specht was working as an Assistant Chief in the Pretrial Unit at the Hudson County Prosecutor's Office. On that day, he was called into a meeting with Deputy First Assistant Prosecutor Peter Stoma ("STOMA") and Defendant Pereira. During this meeting, both Mr. Stoma and Defendant Pereira advised the Plaintiff that another prosecutor had complained about a message he had posted on the "slack forum" which was being utilized by Prosecutors to communicate with each other because of the Covid-19 Pandemic. On that day, Plaintiff Specht was advised by both Mr. Stoma and Defendant Pereira that he would continue to work as an Assistant Chief in the Pre-Trial Unit but certain discretionary decisions would have to be approved by his supervisors. Plaintiff Specht was not asked any questions by Mr. Stoma or Defendant Pereira.

9.  For approximately the next two weeks, Mr. Specht operated as the Assistant Chief of the Pre-Trial Unit, without any issues. He followed the new guidelines of his position as laid out previously by Stoma and Defendant Pereira.

10. On March 21, 2021, information about the complaint against Plaintiff and others appeared on an internet blog site with a history of criticizing Defendant Suarez. Then on March 23, 2021, NJ.Com ran an article directing readers to the blog article of March 21, 2021. That same day, Plaintiff Specht received an email from Mr. Stoma that he was being demoted from his position as Assistant Chief and was being transferred to the Appellate Division of the Hudson County Prosecutor's Office. No explanation was

3

given by Mr. Stoma or anyone at Defendant Hudson County Prosecutor's Office. Mr. Specht still was not told of what he was accused of doing wrong and further was not asked any questions.

11. During April 2021, while working in the Appellate Part of the Hudson County Prosecutor's Office, Plaintiff Specht was contacted by Gina Anton, Esq. Ms. Anton advised Mr. Specht she was outside counsel hired to investigate his and others' conduct. No explanation was given surrounding what conduct was being investigated by the Hudson County Prosecutor's Office.

12. On April 30, 2021, Plaintiff Specht met with Ms. Anton. Ms. Anton asked him some questions about a message he had posted on the "slack forum". Ms. Anton further asked numerous questions on why he was utilizing the "slack forum" while working at the Hudson County Prosecutor's Office. Finally, Ms. Anton asked Plaintiff Specht about a message he had posted on his private Facebook Page. The particular message was posted while Plaintiff was vacationing in Maine. Mr. Specht had posted about blueberries, hiking and the souvenir market. He further stated "we're from New Jersey, don't judge us by our governor" is a great way to break the ice and get a laugh here. "It was a clean shoot" isn't.

The comments were a jab at the Governor of New Jersey but also a view into the social issue stance of many residents of the State of Maine.

During the interview, Ms. Anton wanted to know why the post was made and what it stood for.

The interview ended with Ms. Anton thanking the Plaintiff for his time and advising him that he could request the report upon the completion of the investigation.

13. In August 2021, the Plaintiff requested his personal lawyer contact Ms. Anton because he had heard nothing since April 2021. Plaintiff's counsel emailed Ms. Anton in August and September 2021 to determine the outcome of the investigation. Ms. Anton never responded but Plaintiff's counsel received a phone call after the second email from Louis Rosen, Esq., Deputy County Counsel for Defendant Hudson County. Mr. Rosen advised Plaintiff's counsel that he was new to the matter and welcomed a letter from Plaintiff's counsel concerning his complaints of due process violations and violations of the law regarding possibly being penalized twice for the same thing.

14. On September 13, 2021, the Defendant Esther Suarez reinstated Plaintiff Specht to his former position as Assistant Chief of the Pretrial Unit at the Hudson County Prosecutor's Office.

15. On September 24, 2021, at 1:08 p.m., Plaintiff through his counsel emailed a letter dated September 23, 2021, to Louis Rosen, Esq. The letter complained of Plaintiff's reasonable belief that the Hudson County Prosecutor's Office had violated his due process rights and the law regarding whether a public employee could be punished twice for the same act.

16. On that same day, within two hours of emailing the letter to Mr. Rosen, the Plaintiff received a message at approximately 2:52 p.m. that he should come to Defendant Prosecutor's conference room at 4:00 p.m.

5

17. On September 24, 2021, within three hours of complaining about the Hudson County Prosecutor's perceived, unlawful activity towards him, Defendant Pereira fired Plaintiff Specht after 14 years at Hudson County Prosecutor's Office and a total of 23 years of public service without any explanation. Plaintiff Specht was simply told he was fired and to hand over his work belongings and leave the building.

18. The Plaintiff's termination was then leaked to the press by an unknown employee of the Hudson County Prosecutor's Office. Mr. Specht then read on an internet blog that he was cleared of any discrimination by the report authored by Gina Anton, Esq. The Plaintiff has never been given an opportunity to see the alleged investigation report of Gina Anton, Esq.

## FIRST COUNT
### "Conscientious Employee Protection Act"

19. The Plaintiff repeats and realleges each and every allegation set forth in paragraphs one through eighteen as if fully set forth herein.

20. On September 24, 2021, the Plaintiff through his legal counsel, complained to the Hudson County Counsel's Office that he reasonably believed that the Hudson County Prosecutor's violated his due process rights and the law surrounding the prohibition against punishing a public employee twice for the same exact behavior.

21. Within hours of receiving notice of the Compliant, all named Defendants retaliated against the Plaintiff by terminating him from his position as an Assistant Prosecutor for the Hudson County Prosecutor's Office.

6

22. The retaliation exhibited by all named defendants is a clear violation of the New Jersey Conscientious Employee Protection Act.

23. As a direct and proximate result of the Defendant's wrongful acts, the Plaintiff has suffered mental anxiety, emotional distress, embarrassment, ridicule and financial hardship.

**WHEREFORE**, the Plaintiff demands relief on the First Count of the Complaint as follows:

a) Reinstatement to his position as an Assistant Hudson County Prosecutor;

b) Backpay;

c) Compensatory damages;

d) Pecuniary damages;

e) Punitive damages;

f) Attorney's fees and costs of suit;

g) Any and all relief that the Court deems just and reasonable in the premises.

## SECOND COUNT
### "Wrongful Discharge"

24. The Plaintiff repeats and realleges each and every allegation in paragraph one through twenty-three as if fully set forth herein at length.

25. It is the public policy in the State of New Jersey that public employees as a condition of fundamental fairness and progressive discipline cannot be disciplined twice for the same behavior.

7

26. The Plaintiff was disciplined on March 23, 2021, when he was demoted because of alleged wrongful behavior.

27. One September 24, 2021, the Plaintiff was terminated for the same alleged behavior which caused him to be demoted on March 23, 2021.

28. The termination of the Plaintiff by the Defendants on September 24, 2021 clearly violated the public policy of New Jersey.

29. As a direct and proximate result of the wrongful discharge, the Plaintiff has sustained emotional distress, mental anxiety, embarrassment and financial loss.

WHEREFORE, the Plaintiff demands relief on the Second Count of the Complaint as follows:

a)  Reinstatement to his position as an Assistant Hudson County Prosecutor;

b)  Backpay;

c)  Compensatory damages;

d)  Pecuniary damages;

e)  Punitive damages;

f)  Attorney's fees and costs of suit;

g)  Any and all relief that the Court deems just and reasonable in the premises.

## THIRD COUNT
### 42 U.S.C. 1983, et al.

30. The Plaintiff repeats and realleges each and every allegation contained in paragraphs one through twenty-eight of the Complaint as if fully set forth herein.

31. Plaintiff's posts on his Private Facebook page are protected political activity.

32. The Defendants terminated the Plaintiff in part because of their disagreement of his protected political activity expressed on his private Facebook page.

33. Defendants violated the Plaintiff's First Amendment Rights under the United States Constitution for originally hiring someone to question him about his protected political activity and then by terminating/disciplining him as a result of his protected political activity.

34. As a direct and proximate cause of the Defendants violation of the First Amendment rights of the Plaintiff, the Plaintiff has suffered damage.

WHEREFORE, the Plaintiff demands relief on the Third Count of the Complaint as follows:

a)  Reinstatement to his position as an Assistant Hudson County Prosecutor;

b)  Backpay;

c)  Compensatory damages;

d)  Pecuniary damages;

e)  Punitive damages;

f)  Attorney's fees and costs of suit;

g)  Any and all relief that the Court deems just and reasonable in the premises.

## FOURTH COUNT
### ("42 USC 1983 et and New Jersey Constitution")

35. The Plaintiff repeats each and every allegation set forth in paragraphs one through thirty-four of the Complaint as if fully set forth herein at length.

36. The Plaintiff was an at-will employee per state statute with the Hudson County Prosecutor's Office.

9

37. Nonetheless, the United States Constitution and the New Jersey Constitution afford Plaintiff a protected liberty interest with his employment at the Hudson County Prosecutor's Office even though he is a "at will employee".

38. The concept of fundamental fairness entitled the Plaintiff to notice and a right to be heard by and from the Defendants with regards to his demotion and termination. The Plaintiff was never given any notice or a right to be heard by the Defendants regarding his alleged misconduct. The Plaintiff was not even given a reason for his termination clearly because it was unlawful and did not pass constitutional muster.

39. As a result of a deprivation of his due process rights, under the United States and New Jersey Constitution, the Plaintiff has sustained mental anxiety, emotional distress and financial loss.

**WHEREFORE**, the Plaintiff demands relief on the Fourth Count of the Complaint as follows:

a)  Reinstatement to his position as an Assistant Hudson County Prosecutor;

b)  Backpay;

c)  Compensatory damages;

d)  Pecuniary damages;

e)  Punitive damages;

f)  Attorney's fees and costs of suit;

g)  Any and all relief that the Court deems just and reasonable in the premises.

10

## JURY DEMAND

Plaintiff hereby demands a trial by jury as on all issued herein presented.

RICCI & FAVA, LLC
Attorneys for Plaintiff

RONALD J. RICCI, ESQ.

Dated: 9/29/21

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, attorney Ronald J. Ricci, Esquire is hereby designated as trial counsel.

RICCI & FAVA, LLC
Attorneys for Plaintiff

RONALD J. RICCI, ESQ.

Dated: 9/29/21

11

## CERTIFICATION

Pursuant to R.4:25-4, I certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

RICCI & FAVA, LLC
Attorneys for Plaintiff

RONALD J. RICCI, ESQ.

Dated: 9/29/21

# Civil Case Information Statement

### Case Details: HUDSON | Civil Part Docket# L-003813-21

**Case Caption:** SPECHT WILLIAM  VS SUAREZ ESTHER
**Case Initiation Date:** 09/29/2021
**Attorney Name:** RONALD JOSEPH RICCI
**Firm Name:** RICCI & FAVA, LLC
**Address:** 16 FURLER ST
TOTOWA NJ 07512
**Phone:** 9738371900
**Name of Party:** PLAINTIFF : Specht, William, N
**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE
PROTECTION ACT (CEPA)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?**  NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: William N Specht?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/29/2021                                                              /s/ RONALD JOSEPH RICCI
Dated                                                                              Signed

# EXHIBIT B

Raymond J. Seigler, Esq. (#006272007)
Chasan Lamparello Mallon & Cappuzzo, PC
300 Lighting Way, Suite 200
Secaucus, New Jersey 07094
(201) 348-6000
**Attorneys for the County of Hudson, Esther Suarez, and the Hudson County
Prosecutor's Office**

| | |
|---|---|
| WILLIAM N. SPECHT,<br><br>                    Plaintiff,<br><br>          v.<br><br>ESTHER     SUAREZ,     ANA<br>PEREIRA, HUDSON COUNTY<br>PROSECUTOR'S      OFFICE,<br>COUNTY OF HUDSON, NEW<br>JERSEY,  JOHN  DOES  1-10,<br>RICHARD    DOE,    INC.    1-10<br>(names being fictitious)<br><br>                    Defendants. | **SUPERIOR   COURT   OF   NEW<br>JERSEY,    LAW    DIVISION,<br>HUDSON COUNTY**<br><br>**Docket No. HUD-L-3813-21**<br><br><br>CIVIL ACTION<br><br>**NOTICE OF FILING<br>NOTICE OF REMOVAL<br><u>28 U.S.C. § 1441 & 1446</u>** |

TO:                    Clerk, Superior Court of New Jersey
                       R.J. Hughes Justice Complex
                       25 W. Market Street
                       Trenton, New Jersey 08625

ON NOTICE TO:          Clerk, Superior Court of New Jersey
                       Hudson County Brennan Courthouse
                       583 Newark Avenue
                       Jersey City, New Jersey 07306

                       Ronald J. Ricci, Esq.
                       Ricci, Fava, LLC
                       16 Furler Street, 2nd Floor
                       Totowa, New Jersey 07512
                       Attorneys for Plaintiff William N. Specht

Daniel R. Bevere, Esq.
Piro Zinna Cifelli Paris & Genitempo, LLC
360 Passaic Avenue
Nutley, New Jersey 07110
Attorneys for Defendant Anna Pereira

**PLEASE TAKE NOTICE** that Defendants the County of Hudson, Esther Suarez and the Hudson County Prosecutor's Office have on this 14th day of October, 2021, filed a Notice of Removal, a copy of which is attached hereto, in the United States District Court for the District of New Jersey, to remove this matter form the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court of New Jersey.

You are also advised that Defendants, upon filing of the Notice of Removal with the United States District Court, served a copy of the Notice of Removal on Plaintiff's counsel, Ronald J. Ricci, Esq. and counsel for Co-Defendant Anna Pereira, Daniel R. Bevere, Esq.

**CHASAN LAMPARELLO MALLON & CAPPUZZO, PC**
**Attorneys for Defendants the County of Hudson, Esther Suarez, and the Hudson County Prosecutor's Office**

By:_____
    RAYMOND J. SEIGLER, ESQ.

Dated: October 14, 2021

**<u>CERTIFICATION OF FILING AND  SERVICE</u>**

On October 14, 2021, I caused a copy of the foregoing Notice of Filing of Notice of Removal to be served upon the Clerk of the Superior Court of New Jersey in Trenton via eCourts and Lawyers Service to:

>Clerk, Superior Court of New Jersey
>R.J. Hughes Justice Complex
>25 W. Market Street
>Trenton, New Jersey 08625

On October 14, 2021, I caused a copy of the foregoing Notice of Filing of Notice of Removal to be served upon the Clerk of the Superior Court of New Jersey in Hudson County via eCourts and Lawyers Service to:

>Clerk, Superior Court of New Jersey
>Hudson County Brennan Courthouse
>583 Newark Avenue
>Jersey City, New Jersey 07306

On October 14, 2021, I caused a copy of the foregoing Notice of Filing of Notice of Removal to be served upon counsel for Plaintiff via Lawyers Service to:

>Ronald J. Ricci, Esq.
>Ricci, Fava, LLC
>16 Furler Street, 2nd Floor
>Totowa, New Jersey 07512

On October 14, 2021, I caused a copy of the foregoing Notice of Filing of Notice of Removal to be served upon counsel for Co-Defendant via Lawyers Service to:

Daniel R. Bevere, Esq.
Piro Zinna Cifelli Paris & Genitempo, LLC
360 Passaic Avenue
Nutley, New Jersey 07110

On October 14, 2021, I caused a copy of the foregoing Notice of Filing of Notice of Removal to be served via ECF upon the Clerk of the United States District Court for the District of New Jersey to:

Mr. William T. Walsh
Clerk of the United State District Court
Martin Luther King, Jr. Federal Building and
United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

I hereby certify that the foregoing statements made by me are true, I am fully aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:_____
RAYMOND J. SEIGLER, ESQ.

Dated: October 14, 2021